CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

4/28/2025
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
       DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:98CR40059 |
| v. | MEMORANDUM OPINION |
| BRIAN HEATH DOSS, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

Defendant Brian Heath Doss moves the Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkts. 217, 218. Specifically, he asks the Court to run his entire 48-month federal sentence concurrently with the state sentence he is serving, and he requests transfer from state custody to the federal Bureau of Prisons ("BOP"). Dkt. 217. Because Doss has not presented extraordinary and compelling reasons warranting a sentence reduction, and this Court has no authority to order the transfer, his motion is DENIED.

## I.     Background

On November 14, 1999, this Court sentenced Doss to 290 months' imprisonment for conspiracy to distribute cocaine, cocaine base, and marijuana, but the sentence was reduced several times with the final sentence being 104 months. *See* Dkt. 171 (Order on Petition for Issuance of Warrant). On March 14, 2008, Doss was released from federal custody to begin a five-year term of supervised release. *Id.* On January 22, 2009, he was arrested on state charges of cocaine distribution and sentenced to 50 years' imprisonment. *See* Dkt. 436 in Case No. 4:09-cr-06 at 3.

On June 10, 2009, Doss and several codefendants were charged in federal court with multiple conspiracy related drug offenses. *See* Dkt. 23 (Superseding Indictment) in Case No. 4:09-cr-06. He pled guilty to Count 1 and was sentenced on June 18, 2010 to 360 months. Dkts. 238 (Guilty Plea) in Case No. 4:09-cr-06 and 259 (Judgment) in Case No. 4:09-cr-06. Upon the Government's motion, his sentence was later reduced to 204 months. Dkts. 351 (Motion to Reduce Sentence) and 353 (Amended Judgment) in Case No. 4:09-cr-06.

On May 27, 2010, this Court revoked Doss's supervised release and sentenced him to 48 months, with 24 months to run consecutively to any prior sentences and 24 months to run concurrently with his March 10, 2010 state court sentence. Dkt. 198 (Judgment – Revocation of Supervised Release). His appeal of this judgment was dismissed on June 11, 2010. Dkt. 206 (Mandate of USCA).

On June 17, 2022, Doss filed a motion for compassionate release in Case No. 4:09-cr-06, which the court construed as a habeas petition pursuant to 28 U.S.C. § 2241. Dkts. 430, 433 in Case No. 4:09-cr-06. That motion raised the same issues presented here. Doss claimed that a federal detainer filed on July 8, 2010 elevated his security level in state custody. Dkt. 1 at 6 in Case 7:22cv354. He argued that his federal sentence should reflect the sentencing court's intent that the sentence run concurrently with his state sentence which would remove the detainer and allow transfer to a lower-security facility. *Id.* at 6–7. The Court denied the petition finding it lacked authority to grant the requested relief. Dkt. 17 in Case No. 7:22-cv-00354.

The Government moved to correct Doss's 2010 federal sentence to reflect that it was to run concurrently with his state sentence, but the Court denied the motion citing lack of authority. *See* Dkts. 435, 436 in Case No. 4:09-cr-06

Doss remains in the Virginia Department of Corrections with an expected release date of

October 31, 2047.[1]

## II. Legal Standard

A court may not modify a term of imprisonment once imposed, except under certain statutory provisions. 18 U.S.C. § 3582(c); *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021). Under § 3582(c)(1)(A), a sentence may be reduced if: (1) extraordinary and compelling reasons justify the reduction, (2) the reduction is consistent with Sentencing Commission policy, and (3) the § 3553(a) factors support it. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020).

The petitioner must first exhaust administrative remedies. This occurs when either (1) the BOP denies a request and appeals are exhausted, or (2) 30 days have passed since a request was submitted to the warden. 18 U.S.C. § 3582(c)(1)(A). See *Reed v. United States*, 2024 U.S. Dist. LEXIS 111026, at *7 (E.D. Va. June 24, 2024). However, the exhaustion requirement is waived or deemed satisfied where, as here, an attempt to comply would be futile since Doss is in state custody where no BOP warden is present to whom he could direct a request for relief. *United States v. Comer*, 2022 U.S. Dist. LEXIS 95607 (W.D. Va. 2022).

If the exhaustion requirement is met or waived, the court evaluates whether an "extraordinary and compelling" reason exists for a sentence reduction and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Blancher*, 2025 WL 999856, at *1 (4th Cir. Apr. 3, 2025) (per curiam) (unpublished). The "extraordinary and compelling" standard is "an exceptionally high standard for relief." *United States v. McCoy,* 981 F.3d 271, 288 (4th Cir. 2020).

---

[1] https://vadoc.virginia.gov/general-public/inmate-locator/ (search "Brian Doss").

The United States Sentencing Guidelines provide six extraordinary and compelling reasons justifying relief: (1) medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) any other circumstance or combination of circumstances that are similar in gravity to those described in paragraphs (1)-(4), and (6) an unusually long sentence accompanied by a subsequent change in the law which produces gross disparities in sentencing outcomes. *See* U.S.S.G. § 1B1.13(b). If such reasons exist, the Court evaluates whether the § 3553(a) sentencing factors support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

### III.   Discussion

Doss has not raised any of the extraordinary or compelling reasons for the requested relief cited in the sentencing guidelines. He cites no medical or family circumstances, advanced age, abuse, or that an unusually long sentence is accompanied by a subsequent change in the law which produces gross disparities in sentencing outcomes. He has not identified any other reasons similar in gravity justifying the requested relief. Rather, Doss's motion is based on personal safety concerns in the Virginia Department of Corrections and his belief that the federal detainer is "causing [him] problems on getting to a lower level prison." Dkt. 217 at 2. He believes that if this Court runs "all 4 years concurrent," he would be "rid of the detainer in early 2025." *Id.*

To the extent that Doss's complaints are in the nature of a challenge to his underlying sentence, such grievances are not cognizable in a motion for a sentence reduction under § 3582(c)(1)(A). *United States v. Ferguson*, 55 F.4th 262, 270-71 (4th Cir. 2022). Doss has not argued that issuance of the federal detainer was improper or defective, nor cited authority that the existence of the federal detainer constitutes an extraordinary and compelling reason for the relief requested. To the contrary, Doss has raised these arguments before and this Court already has

ruled that "neither the existence of the detainer nor its impact on his security classification constitutes an 'extraordinary and compelling' reason for a sentence reduction." Dkt. No. 433 (Order) at 4 in Case No. 4:09-cr-06 (citing *United States v. Vengoechea,* 2021 U.S. Dist. LEXIS 191796, at *10 (S.D. Tex. Oct. 5, 2021) (holding that defendant's transfer from a low security facility to a medium security facility did not constitute an extraordinary and compelling reason for granting him compassionate release)); *see also United States v. Abdul-Sabur*, 2023 U.S. Dist. LEXIS 117228 (W.D. Va. July 7, 2023) (rejecting argument that existence of a federal detainer, which rendered defendant ineligible for early release from state custody, constituted an extraordinary and compelling reason for a sentence reduction); *United States v. Wayne,* 2023 U.S. Dist. LEXIS 137388 at 6 (W.D. Va. August 7, 2023) (same).

Since Doss has not demonstrated the existence of extraordinary and compelling reasons to grant relief, the Court need not consider the § 3553(a) factors. *See United States v. Malone*, 57 F.4th 167, 174 (4th Cir. 2023)

### IV. Conclusion

Because Doss failed to demonstrate any extraordinary and compelling reason to warrant the relief requested under 18 U.S.C. § 3582(c)(1)(A)(i), his motion is denied. An accompanying order will issue.

The Clerk is directed to send a copy of this Memorandum Opinion to the parties.

Entered this 28th day of April 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE